George F. JEWETT, Jr., and Lucille M. Jewett, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 78–3621.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 12, 1980.

Decided Dec. 9, 1980.

Rehearing Denied Feb. 18, 1981.

---

**94**

Robert J. Richards, Jr., Boston, Mass., for petitioners–appellants.

Jonathan S. Cohen, Tax Div. Dept. of Justice, Washington, D. C., argued for respondent–appellee; Suzanne G. Duvall, Washington, D. C., on brief.

Before BROWNING and MERRILL, Circuit Judges, and HARRIS,* District Judge.

MERRILL, Circuit Judge:

This is an appeal from a decision of the Tax Court holding that appellant George F. Jewett, Jr., made taxable gifts when he executed disclaimers of his remainder interest in a testamentary trust.[1] We affirm.

The facts are not in dispute. Appellant's grandmother, Margaret Jewett, a resident of Massachusetts, died in 1939, and by her will created a trust with income to go to her husband, James, during his lifetime, and thereafter to her son, George, and his wife, Mary, during their respective lifetimes. Mary is now the sole surviving life tenant. When she dies, Margaret Jewett's will provides for distribution of the trust corpus in equal shares to the children of George and Mary then living. Appellant George F. Jewett, Jr., is one of those children. In 1972, he executed two disclaimers, the first for 95 percent and a later one for the remaining 5 percent of his interest in the

trust remainder. The parties have stipulated that appellant thus had no share in the trust remainder after December 14, 1972.

The issue in this case is whether these disclaimers are subject to gift tax under applicable law. 26 U.S.C. § 2501 provides in part: "A tax * * * is hereby imposed * * * on the transfer of property by gift * * *."

Section 2511(a) makes it clear that the tax imposed by § 2501 is to cover all types of property interests. The tax "shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible * * *." A contingent remainder subject to divestiture, such as appellant's, is not excepted.

Treas.Reg. § 25.2511–1(c) reads in part:

"(c) The gift tax also applies to gifts indirectly made. Thus all transactions whereby property or property rights or interests are gratuitously passed or conferred upon another, regardless of the means or device employed, constitute gifts subject to tax. See further § 25.-2512–8. Where the law governing the administration of the decedent's estate gives a beneficiary, heir, or next–of–kin a right to completely and unqualifiedly refuse to accept ownership of property transferred from a decedent (whether the transfer is effected by the decedent's will or by the law of descent and distribution of intestate property), a refusal to accept ownership does not constitute the making of a gift if the refusal is made within a reasonable time after knowledge of the existence of the transfer. The refusal must be unequivocable [sic] and effective under the local law. There can be no refusal of ownership of property after its acceptance. Where the local law does not permit such a refusal, any disposition by the beneficiary, heir, or next–of–kin whereby ownership is transferred gratuitously to another constitutes the making

---

* Honorable Oren Harris, Senior United States District Judge of the Eastern and Western Districts of Arkansas, sitting by designation.

1. Lucille M. Jewett elected to consent to treat the gifts made by her husband, George F. Jew-

ett, Jr., during the taxable year 1972 as having been made by both husband and wife to the extent allowed by law. She is therefore an appellant in this action.

of a gift by the beneficiary, heir, or next-of-kin." [2]

It is undisputed that the disclaimer was effective under Massachusetts law, the law governing the administration of the estate. The only question presented is whether the disclaimer was made within a reasonable time after knowledge of the transfer. This, in turn, depends on our construction of the word "transfer." If it refers to the date when the interest created by the trust was established, the disclaimer clearly was not timely. If "transfer" means the acquisition of a vested interest by virtue of the death of the life beneficiary, then the disclaimer was timely, since the life tenant is still living.

Appellants contend that a disclaimer valid and effective under state law is not a taxable transfer for federal gift tax purposes and that the "reasonable time" to which the regulation refers is measured from the time when the remainderman comes into his right to possess and control the property—in this case, after the death of the life beneficiary. Appellants rely on *Keinath v. C. I. R.*, 480 F.2d 57 (8th Cir. 1973).[3]

In *Keinath*, the court characterized the requirements of the regulation that the disclaimer be unequivocal and effective under local law, and that it be made within a reasonable time as "but a codification of common law principles applicable to the doctrine of disclaimer." *d.* at 61. Absent a federal statute or regulation defining "reasonable time," the court held that it must look to the law of the state for guidance. This inquiry led it to conclude that:

> " * * * under the prevailing common law and, in particular, the jurisdiction of the State of Minnesota the holder of a vested remainder interest subject to divestiture has a reasonable time within which to renounce or disclaim the remainder interest after the death of the life beneficiary and that an unequivocal disclaimer filed within six months thereof is made within a reasonable time."

*Id.* at 64. We must respectfully disagree.

State law does indeed generally recognize as valid a disclaimer of a contingent remainder if it is made within a reasonable time after the remainder interest has vested unconditionally. Timeliness there relates only to the validity and effectiveness of the disclaimer. The federal regulation, however, has a different concern. It proceeds upon the assumption (actually, the requirement) that the disclaimer is valid under state law and thus has met the requirements of local law as to timeliness, whatever they may be. The question under the federal regulation, then, is not whether the disclaimer is valid, but whether, as a valid disclaimer, it is taxable as a gift. The timeliness requirement of the regulation is

---

**2.** Although it is only applicable to transfers creating an interest in the person disclaiming made after December 31, 1976, the Tax Reform Act of 1976, Pub.L. No. 94-455, § 2009 (26 U.S.C. § 2518) adopts the substance of Treas. Reg. § 25.2511-1(c), and in the interest of uniformity substitutes nine months for the "reasonable" standard of timeliness. It provides in part:

> "(a) General rule.–For purposes of this subtitle, if a person makes a qualified disclaimer with respect to any interest in property, this subtitle shall apply with respect to such interest as if the interest had never been transferred to such person.
>
> (b) Qualified disclaimer defined.–For purposes of subsection (a), the term 'qualified disclaimer' means an irrevocable and unqualified refusal by a person to accept an interest in property but only if–
>
> (1) such refusal is in writing,

> (2) such writing is received by the transferor of the interest, his legal representative, or the holder of the legal title to the property to which the interest relates not later than the date which is 9 months after the later of–
>
> (A) the day on which the transfer creating the interest in such person is made, or
>
> (B) the day on which such person attains the age 21,
>
> (3) such person has not accepted the interest or any of its benefits, * * *"

**3.** *Keinath* has been recently followed by the Eighth Circuit *en banc* in *Cottrell v. Commissioner*, 628 F.2d 1127 (1980). The question there was whether the rule in *Keinath* applied where the holder of a contingent remainder interest also had a general power of appointment. As to the issue before us, the holding of *Keinath* was not challenged, and was accepted by the court as controlling.

over and above the requirements of state law.

■ We hold that "transfer" as used in the regulation means the transfer to the disclaimant of the property interest disclaimed by him. In this case, that transfer took place in 1939 when the appellant received a contingent remainder from his deceased grandmother's estate. Appellant had "knowledge of the existence of [that] transfer" for approximately 33 years before he attempted to disclaim the property in 1972. For the purposes of the gift tax, we hold that that disclaimer was not made within a reasonable period of time.

Judgment affirmed.

HARRIS, District Judge, dissenting:

I respectfully dissent from the decision and opinion of the Court in this matter. In my view it is particularly important in matters of taxation that established precedent be followed, unless the Congress acts to change the rule as established or the rule be without substantial rational justification or foundation.

Were this a case of first impression I might well join with the majority. However, *Keinath v. C. I. R.*, 480 F.2d 57 (8th Cir. 1973), followed by the Eighth Circuit *en banc* in *Cottrell v. Commissioner*, 628 F.2d 1127 (1980), has been the only precedent from a Court of Appeals since its decision in 1973. Numerous tax practitioners have undoubtedly relied on this opinion in advising as to the tax consequences of such acts as are involved in the instant case, and justifiably so.

The Congress, in the Tax Reform Act of 1976, acted to override the *Keinath* rule, but only prospectively. The effect of the decision of the majority is to give to the 1976 Amendments the retrospective effect which the Congress expressly rejected. An unnecessary split between holdings of the Circuit Courts of Appeal is thus established. I would follow the rule of *Keinath* and reverse.