ARGO SALES COMPANY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16072–93.          Filed August 2, 1995.

*Joseph D. DeSanto,* for petitioner.
*Jeffry J. Erney,* for respondent.

### OPINION

RAUM, *Judge:* The Commissioner determined a deficiency in income tax of $75,761 for each of the years 1988, 1989, and 1990. The sole issue before us is whether a section 481(a)[1] adjustment is subject to the section 1374 built-in gains tax.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.

Petitioner, an Ohio corporation, had its principal place of business in Wintersville, Ohio, at the time the petition in this case was filed. It began doing business in 1969, and its business activity during all relevant periods was the retail sale of industrial supplies primarily for use in steel mills and coal mines.

In 1985 petitioner made an application to change its accounting method from the cash receipts and disbursements method to the accrual method. Petitioner recognized that, since it maintained inventories, the cash receipts and disbursements method was an unacceptable method of accounting. Pursuant to Rev. Proc. 85–36, 1985–2 C.B. 434, the change in accounting method was a category A method change. A category A method of accounting is one that is specifically not permitted to be used by the Code, regulations, or a decision of the Supreme Court of the United States, or a method that is clearly erroneous. See Rev. Proc. 85–36, 1985–2 C.B. 434 (citing Rev. Proc. 84–74, 1984–2 C.B. 736).

The change in accounting method required a section 481(a) adjustment for the following amounts:

| | |
|---|---|
| Accounts receivable | $951,656.49 |
| Inventory | 548,931.01 |
| Accounts payable (inventory items) | (159,731.08) |
| Payroll taxes | (3,889.79) |
| Total | 1,336,966.63 |

The section 481(a) adjustment was to be included in income in six annual installments under section 4.03 of Rev. Proc. 85–36, 1985–2 C.B. 435, 436. The annual increment for the section 481(a) adjustment was $222,827.77 (the $1,336,966.63 divided by 6).

The section 481(a) adjustment was included in income as follows:

| Tax period | Amount |
|---|---|
| Fiscal year ending 3/31/86 | $222,827.77 |
| Fiscal year ending 3/31/87 | 222,827.77 |
| Fiscal year ending 3/31/88 | 222,827.77 |

| Tax period | Amount |
|---|---|
| Short taxable year 4/01/88 through 12/31/88 ................................................ | 222,827.77 |
| Calendar year 1989 ............................................ | 222,827.77 |
| Calendar year 1990 ............................................ | 222,827.77 |

Effective April 1, 1988, petitioner elected to convert from a subchapter C corporation to a subchapter S corporation. On petitioner's S corporation income tax returns for the short taxable year ending December 31, 1988, and the calendar years 1989 and 1990, the section 481(a) adjustments were included in petitioner's S corporation income. Accordingly, no corporate tax was paid on those amounts.

The Commissioner determined that the final three section 481(a) adjustments were subject to the section 1374 built-in gains tax. Petitioner raises no issue as to the calculation of the tax or as to any offsetting built-in losses. The sole issue before us is whether the section 481(a) adjustments are subject to the built-in gains tax.

Section 1374 provides, in part, as follows:

SEC. 1374(a). GENERAL RULE.—If for any taxable year beginning in the recognition period an S corporation has a net recognized built-in gain, there is hereby imposed a tax (computed under subsection (b)) on the income of such corporation for such taxable year.

\* \* \* \* \* \* \*

(d) DEFINITIONS AND SPECIAL RULES.—For purposes of this section—

\* \* \* \* \* \* \*

(2) NET RECOGNIZED BUILT-IN GAIN.—

(A) IN GENERAL.—The term "net recognized built-in gain" means, with respect to any taxable year in the recognition period, the lesser of—

(i) the amount which would be taxable income of the S corporation for such taxable year if only recognized built-in gains and recognized built-in losses were taken into account, or

(ii) such corporation's taxable income for such taxable year (determined as provided in section 1375(b)(1)(B)).

\* \* \* \* \* \* \*

(3) RECOGNIZED BUILT-IN GAIN.—The term "recognized built-in gain" means any gain recognized during the recognition period on the disposition of any asset except to the extent that the S corporation establishes that—

(A) such asset was not held by the S corporation as of the beginning of the 1st taxable year for which it was an S corporation, or

(B) such gain exceeds the excess (if any) of—

(i) the fair market value of such asset as of the beginning of such 1st taxable year, over

(ii) the adjusted basis of the asset as of such time.

\*   \*   \*   \*   \*   \*   \*

(5) TREATMENT OF CERTAIN BUILT-IN ITEMS.—

(A) INCOME ITEMS.—Any item of income which is properly taken into account during the recognition period but which is attributable to periods before the 1st taxable year for which the corporation was an S corporation shall be treated as a recognized built-in gain for the taxable year in which it is properly taken into account.

We must decide whether the section 481(a) adjustments are items of income which are "properly taken into account during the recognition period but which [are] attributable to periods before the 1st taxable year for which \* \* \* [petitioner] was an S corporation".[2] Sec. 1374(d)(5)(A). If we decide that the section 481(a) adjustments are such items of income, then they are recognized built-in gains. Since petitioner has not argued that it had any offsetting recognized built-in losses, the section 481(a) adjustments would equal its net recognized built-in gain and would be subject to tax under section 1374(a).[3]

Section 1374(d)(5)(A), as quoted above, was added by section 1006(f)(5)(A) of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100–647, 102 Stat. 3342, 3403–3406. The amendments made by TAMRA were effective as if made by the Tax Reform Act of 1986 (TRA 86), Pub. L. 99–514, 100 Stat. 2085; TAMRA sec. 1019(a), 102 Stat. 3593.

Section 1374(d)(3) defines "recognized built-in gain" as "any gain recognized during the recognition period on the disposition of any asset". Certain exceptions follow this definition. The critical matter in dispute in this case is whether the term "recognized built-in gain" is to be limited narrowly to relate to the disposition of a specific identifiable asset or is to be read less restrictively in the light of other provisions of the statute as well as its legislative history.

---

[2] The term "recognition period" is defined in sec. 1374(d)(7) as "the 10-year period beginning with the 1st day of the 1st taxable year for which the corporation was an S corporation." There is no dispute that the sec. 481(a) adjustments at issue were included in income during the recognition period.

[3] Sec. 1374(a) provides for a tax computed under subsec. (b). Subsec. (b) provides, in general, that the tax shall be computed by applying the highest rate of tax specified in sec. 11(b) to the net recognized built-in gain.

We begin with section 1374(d)(5), which provides that "Any item of income" properly taken into account during the recognition period is to be treated as recognized built-in gain if it relates to a period prior to the subchapter S election. Section 1374(d)(5), as added by TAMRA, and its legislative history make clear that the term "recognized built-in gain" includes more than the disposition of an identifiable asset. As the House Ways and Means Committee stated:

> The bill clarifies that, for purposes of this built-in gains tax under section 1374, any item of income which is properly taken into account for any taxable year in the recognition period but which is attributable to periods before the first taxable year for which the corporation was an S corporation is treated as a recognized built-in gain for the taxable year in which it is properly taken into account. Thus, the term "disposition of any asset" includes not only sales or exchanges but other income recognition events that effectively dispose of or relinquish a taxpayer's right to claim or receive income. For example, the term "disposition of any asset" for purposes of this provision also includes the collection of accounts receivable by a cash method taxpayer and the completion of a long-term contract performed by a taxpayer using the completed contract method of accounting. [H. Rept. 100–795, at 63 (1988).]

An example following the above-quoted material furnishes guidance as to the broad range of items of income that Congress meant to include as recognized built-in gain. "As an example of these built-in gain and loss provisions, in the case of a cash basis personal service corporation that converts to S status and that has receivables at the time of the conversion, the receivables, when received, are built-in gain items." *Id.*

The issue before us is whether petitioner's section 481(a) adjustment is the type of income item Congress meant to tax as built-in gain. Section 481(a)(2) provides that in computing the taxpayer's taxable income, "there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change [in accounting method] in order to prevent amounts from being duplicated or omitted". The section 481(a) adjustment at issue was made to prevent items from being omitted from *corporate* income. It resulted from an accounting method change that occurred while petitioner was a subchapter C corporation, subject to the corporate income tax. Clearly the section 481(a) adjustment represents untaxed corporate income.

Petitioner was permitted to spread its section 481(a) adjustment over 6 years. This was meant to ease the burden petitioner would otherwise have faced if it had been required to recognize the entire section 481(a) adjustment in the year of change.[4] Petitioner would use this 6-year period and a subsequent subchapter S election, not to ease the burden of the corporate tax with respect to the as yet unrecognized income, but rather to wipe out that portion of the burden entirely. In our opinion, section 1374 was designed, in part, to avoid just such a result.

Section 1374(d)(5) provides that *any item of income* properly taken into account during the recognition period, which is attributable to the period before the subchapter S election, shall be treated as recognized built-in gain. As our discussion above should make clear, the section 481(a) adjustment comes squarely within this description. The subchapter S election does not eliminate the corporate tax on the section 481(a) adjustment.

Had petitioner made use of a proper method, instead of an impermissible method, of accounting, the amounts that make up the section 481(a) adjustments at issue would have been included in income in earlier years and subjected to the corporate tax prior to the subchapter S election. Similarly, if petitioner had continued the unallowable use of the cash receipts and disbursements method of accounting, then items such as those making up the section 481(a) adjustments would have been subject to the built-in gains tax on their own. Indeed, petitioner (at least to the extent of its receivables at the time of conversion to S status) would have come within the example from H. Rept. 100–795 quoted above. Petitioner believes it avoids what is clearly the proper result through the use of a timely change[5] in accounting method. Such reasoning flies in the face of the objectives of section 1374.

---

[4] Sec. 481(b) contains provisions designed to minimize the effect on the taxpayer where the adjustment is substantial, and sec. 481(c) provides that the taxpayer may, in such manner and subject to such conditions as the Secretary may by regulations prescribe, take the adjustments required by subsec. (a)(2) into account in computing the tax imposed by this chapter for the taxable year or years permitted under such regulations.

[5] In fact, although technically classifiable as a "change", what petitioner did was actually nothing more than to *correct* its erroneous cash basis of accounting by adopting instead the accrual method, which should have been used all along.

Congress used broad language in section 1374(d)(5). Where Congress referred to "any item of income", we think it meant exactly that, *any* item of income. To fail to include a section 481(a) adjustment in recognized built-in gains would be to carve out an exception that Congress undoubtedly did not intend to provide.

Petitioner refers in its brief to the additions made to section 1374 by TAMRA and to the above-quoted House report. It also notes Announcement 86–128, 1986–51 I.R.B. 22, where, prior to the TAMRA amendments, the IRS stated: "The Service will issue regulations defining 'disposition of any asset' for purposes of the built-in gain tax to include not only sales or exchanges but other income-recognition events that effectively dispose of or relinquish the taxpayer's right to claim or receive income."

Even in light of this material, petitioner goes on to argue that, for purposes of the built-in gains tax, a taxpayer must have had an asset on its books at the time of conversion to an S corporation that was effectively disposed of or relinquished thereafter for the built-in gains tax to be imposed. This argument gives no effect to the addition of section 1374(d)(5) by TAMRA, or to the explanatory language contained in the House report.

Petitioner's primary argument, however, is made in reference to section 1.1374–4(d), Income Tax Regs., which provides in part as follows:

(1) *In general.* Any section 481(a) adjustment taken into account in the recognition period is recognized built-in gain or loss to the extent the adjustment relates to items attributable to periods before the beginning of the recognition period under the principles for determining recognized built-in gain or loss in this section. * * *

While it would appear that the regulation is readily applicable to the present situation, section 1.1374–10(a), Income Tax Regs., states that sections 1.1374–1 through 1.1374–9, Income Tax Regs., have an effective date of December 27, 1994. Therefore, section 1.1374–4(d), Income Tax Regs., as the Government concedes, was not in effect for the tax years involved in this case. However, nothing in the effective date provisions applicable to this regulation precludes reaching the same result in appropriate circumstances

by reliance upon the statute itself construed in the light of its legislative history, as argued by the Government.

Petitioner, however, goes well beyond pointing out that section 1.1374–4(d), Income Tax Regs., is not effective for the years at issue. It summarizes its position in its opening brief as follows:

> It is the Petitioner's position that the prospective application of the regulations made applicable to years subsequent to December 27, 1994, impacts on the issue before the Court in that Respondent is without statutory authority to assert its claim that Internal Revenue Code Section 481(a) income adjustments are subject to built-in-gains tax for the tax years in dispute.

Petitioner offers no support whatsoever for the notion that the promulgation of a regulation that is to be applied prospectively deprives the Commissioner of the authority to make determinations in the substantive area covered by the regulation for any prior period.

Petitioner's position is not that any provision in the statute, statement in the legislative history, or guidance issued by the IRS[6] prior to the publication of the proposed section 1374 regulations in 57 Fed. Reg. 57971 (Dec. 8, 1992) calls for a result different from the one that we reach herein. Petitioner's position is that, since neither Congress nor the IRS specifically addressed a section 481(a) adjustment until the issuance of the section 1374 regulations in proposed form, then a section 481(a) adjustment cannot be considered built-in gain until the effective date of the regulations. Petitioner's argument fails to persuade us.

The absence of regulations does not relieve us of the duty of interpreting our tax laws. While it has been stated in the context of a regulation applied retroactively by the Commissioner that "if the interpretation of the statute embodied in the regulation is correct, one must conclude that the statute has meant the same thing all along, with or without the regulation", *Butka v. Commissioner*, 91 T.C. 110, 128 (1988), affd. 886 F.2d 442 (D.C. Cir. 1989), that does not mean that, where a regulation is *not* applied retroactively, the statute has *no* meaning prior thereto without the regulation. It simply falls on us to interpret the statute without the aid of a

---

[6] The Service issued Announcement 86–128, 1986–51 I.R.B. 22, and Notice 90–27, 1990–1 C.B. 336, dealing with sec. 1374, before issuing proposed regulations under sec. 1374.

regulation.[7] Cf. *First Chicago Corp. v. Commissioner,* 88 T.C. 663, 676–677 (1987), affd. 842 F.2d 180 (7th Cir. 1988).

Since petitioner's argument here is based on the prospective character of only a regulation, the Government's position is even stronger when considered in the light of cases holding that even an act of Congress itself with a specific prospective date does not automatically foreclose reaching the same result under prior law. See *Knetsch v. United States,* 364 U.S. 361, 367 (1960); *Jewett v. Commissioner,* 70 T.C. 430, 438–439 (1978), affd. 638 F.2d 93 (9th Cir. 1980), affd. 455 U.S. 305 (1982); *Golsen v. Commissioner,* 54 T.C. 742, 756 (1970), affd. 445 F.2d 985 (10th Cir. 1971). And in this case we are fully persuaded that the statute itself together with its accompanying legislative history amply supports the Government's position, wholly apart from the regulation.

We hold that petitioner's section 481(a) adjustment is recognized built-in gain as contemplated by section 1374.

*Decision will be entered for respondent.*

---

[7] Our opinion here should make clear that sec. 1.1374–4(d), Income Tax Regs., is a reasonable and acceptable interpretation of sec. 1374.