T.C. Memo. 2007-354

UNITED STATES TAX COURT

MMC CORP., MIDWEST MECHANICAL CONTRACTORS, INC.,
M W BUILDERS, INC., MIDWEST MECHANICAL
CONTRACTORS OF NEW JERSEY, INC., AND PAHOR AIR CONDITIONING,
INC., Petitioners <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14742-05.               Filed November 29, 2007.

<u>Michael Thompson</u> and <u>Lori J. Sellers</u>, for petitioners.

<u>Allison O. Woodbury</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  Respondent determined a $357,534 deficiency
in petitioners' Federal income tax for 2000 and a $468,068
deficiency in petitioners' Federal income tax for 2001.  After

concessions,[1] we must determine whether petitioners are required to include section 481 adjustments as recognized built-in gain for 2000 and 2001 (the years at issue).[2]  We hold that they are.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found.  The stipulation of facts, the supplemental stipulation of facts, and the accompanying exhibits are incorporated by this reference.  Petitioners' principal place of business was Overland Park, Kansas, at the time they filed the petition.

## The Corporations and the Corporate Structure

The corporations involved in this litigation are in the construction services business.  MMC Corp. (MMC) was incorporated under Kansas law in 1960.  MMC owns several subsidiaries which are also petitioners in this case.  These subsidiaries include Pahor Air Conditioning, Inc. (Pahor), a company MMC acquired in June 2000, as well as Midwest Mechanical Contractors, Inc. (Midwest), M W Builders, Inc. (MW), and Midwest Mechanical Contractors of New Jersey, Inc. (Jersey).  MMC wholly owned Midwest, MW, and Jersey, which were all C corporations, from 1997

---

[1]The parties have resolved all other issues raised in the deficiency notice and the petition.

[2]All section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

through 2001, and MMC filed consolidated corporate Federal income tax returns with these entities for 1997, 1998, and 1999. Petitioners are accrual basis taxpayers.

1997 Change in Accounting Method

Petitioners elected on the return for 1997 to change the method of accounting for customer paper.  Petitioners had previously used the original cost basis method to account for customer paper and elected to change to the mark-to-market method on the return for 1997.  MMC reported a deduction of $5,349,372 related to this change in accounting method (the 1997 deduction).

Change in Law and 1998 Change in Accounting Method

Congress amended the law governing the mark-to-market accounting method in the Internal Revenue Service Restructuring and Reform Act of 1998 (the RRA), Pub. L. 105-206, sec. 7003(a), 112 Stat. 832.  The RRA added to the Code section 475(c)(4), which provides that nonfinancial customer paper is ineligible for mark-to-market treatment.  This new provision of the Code applies to petitioners' customer paper, and thus petitioners could not use the mark-to-market method any longer.  One year after their change to the mark-to-market method, they had to revert to their original accounting method.

After petitioners reverted to the original method, the effective date provisions of the RRA required petitioners to offset the 1997 deduction, which they had taken when they

originally changed their accounting method.  The RRA provided that petitioners had to include the 1997 deduction in income by making section 481 adjustments ratably over the next 4 taxable years.  RRA sec. 7003(c)(2)(C), 112 Stat. 833.

Petitioners properly reported the ratable portions of the section 481 adjustment as income on the returns for 1998 and 1999.  Before petitioners could fully include the remaining section 481 adjustments in income over the next 2 years, MMC elected to be treated as an S corporation commencing with the 2000 taxable year.  The subsidiaries that had previously been consolidated with MMC also elected to be treated as S corporations commencing with the 2000 taxable year.

Tax Returns for 2000 and 2001

MMC reported the section 481 adjustment as income on the S corporation tax returns for the years at issue but did not report the section 481 adjustment as recognized built-in gain pursuant to section 1374 for either year at issue.

Respondent examined the returns for the years at issue and issued a deficiency notice determining that petitioners should have included the section 481 adjustment income as recognized built-in gain under section 1374 and were therefore liable for additional built-in gain tax for the years at issue.

Petitioners timely filed a petition.

## Discussion

We are asked to determine whether petitioners are required to include the section 481 adjustments as built-in gain for the years at issue.[3] Petitioners argue that they are not required to include the section 481 adjustments as built-in gain because they elected S corporation status before the end of the 4-year ratable inclusion period of the RRA amendments. Respondent, on the other hand, argues that petitioners are required to include the section 481 adjustments as built-in gain because the section 481 adjustments relate to items attributable to periods before petitioners became S corporations. We agree with respondent.

## Overview

We begin by outlining the general rules of section 481 adjustments. When a taxpayer changes its method of accounting, section 481 requires the taxpayer to adjust its income to prevent items from being duplicated or omitted. Sec. 481(a). The Secretary is authorized to issue regulations indicating the taxable years over which the taxpayer is authorized to take these adjustments into account. Sec. 481(c). The Secretary has issued guidance under certain circumstances allowing taxpayers to take the adjustments into account ratably over several years. See,

---

[3]Petitioners have not asserted that they have any built-in losses for the years at issue. Our determination whether the sec. 481 adjustments are built-in gain therefore determines the net recognized built-in gain because there are no built-in losses to offset the built-in gain.

e.g., <u>Argo Sales Co. v. Commissioner</u>, 105 T.C. 86, 87 (1995) (section 481 adjustment taken into account over 6 years under Rev. Proc. 85-36, sec. 4.03, 1985-2 C.B. 434, 435).

The RRA added a new paragraph (4) to section 475(c), requiring petitioners to change their accounting method. The effective date provisions accompanying the enactment of that amendment specifically provided that taxpayers were to take the resulting section 481 adjustments into account ratably over the years beginning with their first taxable year ending after the date of the enactment. RRA sec. 7003(c)(2).

Built-In Gain Rules

We now outline the built-in gain rules for corporations electing S status. S corporations are not generally taxed on their net income, unlike C corporations. Instead, the income is passed through to the owners and taxed only to the owners. Sec. 1366(a). There is an exception to this general rule, however, for net recognized built-in gain, which is taxed to the S corporation itself. Sec. 1374(a). The built-in gain rules are an attempt to prevent corporations from electing to be S corporations to avoid corporate-level tax on any built-in gain on their assets. <u>Garwood Irrigation Co. v. Commissioner</u>, T.C. Memo. 2004-195 (citing Tax Reform Act of 1986, Pub. L. 99-514, sec. 633(d)(8), 100 Stat. 2280).

The built-in gain rules tax S corporations at the corporate level on any built-in gain on disposal of an asset. Sec. 1374(d)(3); Garwood Irrigation Co. v. Commissioner, supra. Only the appreciation present at the time the corporation becomes an S corporation is taxed at the corporate level. Garwood Irrigation Co. v. Commissioner, supra. Any gain attributable to post-S status conversion is passed through and taxed to the shareholders only. Id.

Certain income items are treated as built-in gain. For example, income that the S corporation properly takes into account during the recognition period but which is attributable to the periods before the corporation became an S corporation is treated as built-in gain. Sec. 1374(d)(5)(A). The recognition period is the 10-year period beginning with the first day of the first taxable year in which the corporation is an S corporation. Sec. 1374(d)(7).

There are also specific rules addressing when section 481 adjustments are treated as built-in gain. A section 481 adjustment taken into account in the recognition period is recognized built-in gain or loss to the extent the adjustment relates to items attributable to periods before the beginning of the recognition period under the principles for determining built-in gain or loss for S corporations. Sec. 1.1374-4(d)(1), Income Tax Regs. The principles for determining recognized

built-in gain or loss include the accrual method rule. Id.
Under the accrual method rule, any item of income properly taken
into account during the recognition period is recognized built-in
gain if an accrual method taxpayer would have included it in
gross income before the beginning of the recognition period.
Sec. 1.1374-4(b)(1), Income Tax Regs.

We have previously decided two cases holding that certain
section 481 adjustments are recognized built-in gain under
section 1374. Argo Sales Co. v. Commissioner, 105 T.C. at 86;
Rondy, Inc. v. Commissioner, T.C. Memo. 1995-372, affd. without
published opinion 117 F.3d 1421 (6th Cir. 1997). These cases
arose before the regulations under section 1374 were effective,
however. The taxpayer in Argo Sales Co. spread its section 481
adjustment over 6 years under the applicable revenue procedure.
In the fourth year of that 6-year period, it converted to S
corporation status. We examined the legislative history of
section 1374(d)(5) and decided that the section 481 adjustment
was properly built-in gain under section 1374 because the
adjustment came squarely within the description of "any item of
income" under section 1374(d)(5). Argo Sales Co. v.
Commissioner, supra at 91-92. In Rondy, Inc., a case involving
similar facts, we explained that section 481 adjustments were
intended to prevent the omission of items from corporate income
taxation. In addition, we explained that the section 481

adjustments were permitted to be spread over a certain number of years to ease the burden of recognizing the entire section 481 adjustment in the year of the change. On the other hand, to allow the taxpayer to make an S election before the extended period expired without recognizing built-in gain would allow the taxpayer to wipe out the unrecognized corporate income that section 1374 was intended to capture.

Petitioners seek to distinguish this case from <u>Argo Sales Co.</u> and <u>Rondy, Inc.</u> Petitioners' primary argument is that the accrual method rule in the regulations under section 1374 plus the RRA's required 4-year-ratable-inclusion period for the adjustment compels a different result. We disagree.

<u>Distinction Between "Items" and "Adjustments" Under the Regulation</u>

Petitioners argue the section 481 adjustment is not built-in gain because, under the accrual method rule, petitioners as accrual method taxpayers could not have included the section 481 adjustment in income before electing S corporation status. See sec. 1.1374-4(b), Income Tax Regs. The accrual method rule provides that built-in gain includes income properly taken into account during the recognition period if an accrual method taxpayer would have included the income before the recognition period began (i.e. before electing S corporation status). Petitioners argue that, because the 4-year-ratable-inclusion period for section 481 adjustments began with the enactment of

the RRA in 1998, an accrual method taxpayer could not have taken the last two of the adjustments into income before 2000, when petitioners elected S corporation status.

Petitioners have mistakenly focused on the section 481 adjustment itself, rather than the related item that the section 481 adjustment is correcting.  A section 481 adjustment is recognized built-in gain or loss to the extent "the adjustment relates to items attributable to periods before the beginning of the recognition period."  Sec. 1.1374-4(d)(1), Income Tax Regs. (emphasis added).  Accordingly, when we examine whether the section 481 adjustment is built-in gain, we consider the related item, not the section 481 adjustment itself.

We examine whether an accrual method taxpayer would have taken the related item into account before the beginning of the recognition period under the accrual method rule.  Sec. 1.1374-4(b), Income Tax Regs.  If the related item would have been included, then the section 481 adjustment is built-in gain.  See sec. 1.1374-4(b), Income Tax Regs.  Any alternate interpretation of these provisions would allow a taxpayer to escape a corporate-level tax on an accounting method adjustment by electing S corporation status before the ratable inclusion period ended. Section 1374 was designed to avoid this type of result.  See Argo Sales Co. v. Commissioner, supra at 91; Rondy, Inc. v. Commissioner, supra.

An example in the regulations further supports our interpretation.  See sec. 1.1374-4(d)(2), Example (2), Income Tax Regs.  In the example, the taxpayer, who elected to convert to S corporation status effective January 1, 1996, deducted workers' compensation claims when they were filed, under its accounting method.  The taxpayer then changed its accounting method in 1999, requiring a positive section 481 adjustment to include in income the previous deductions for filed claims that were still unpaid. The example states that the section 481 adjustment is recognized built-in gain insofar as it relates to items (the deductions for workers' compensation claims filed, but unpaid) attributable to periods before the recognition period.

Petitioners' section 481 adjustment reverses petitioners' 1997 deduction and includes the amount of the 1997 deduction ratably in petitioners' income over 4 years.  The 1997 deduction is the item to which the section 481 adjustment relates, and it arose before the beginning of the recognition period (i.e. the period beginning with the year petitioners elected S corporation status).  See sec. 1.1374-4(d)(1), Income Tax Regs.  The section 481 adjustment thus relates to an item attributable to a period before the beginning of the recognition period.  Id.  We accordingly hold that petitioners' section 481 adjustment is recognized built-in gain.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.